```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

THOMAS C. LEMAY,                  )
          Plaintiff,              )
                                  )
     v.                           )   C.A. No. 04-12676-REK
                                  )
KATHLEEN M. DENNEHY, et al.,      )
          Defendants.             )
```

MEMORANDUM AND ORDER

For the reasons stated below, I direct that summonses issue for the three named defendants and that the complaint be served by the United States Marshal.  Plaintiff's motion for appointment of counsel is denied without prejudice.

BACKGROUND

On December 14, 2004, plaintiff Thomas C. LeMay, a resident at the Massachusetts Treatment Center, filed two motions seeking waiver of the filing fee, a motion for appointment of counsel, and a complaint naming six defendants. The fee-waiver applications will be addressed by separate order.

Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983 against several named and unnamed correctional defendants.  The complaint consists primarily of a recounting of events surrounding the plaintiff's transfer on or about September 8, 2003, from the general population to the new man's section at the Massachusetts Treatment Center and the alleged

mistreatment he was subjected to during the administration of a urine test by several unnamed defendants.  Plaintiff seeks equitable and monetary relief.

## REVIEW

Because plaintiff is proceeding in forma pauperis, a summons has not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the requirements of the federal in forma pauperis statute.  See 28 U.S.C. § 1915.  Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); cf. Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

## DISCUSSION

I.   The John Doe Defendants

Plaintiff's complaint includes three unnamed defendants. These three defendants are real persons whose names are not yet known to plaintiff and are sued as John Doe Number One, John Doe Number Two, and John Doe Number Three. The Court notes that parties named as "John Doe" defendants generally are not considered to be parties to the action unless and until they are served with the complaint. Cf. DeCastro v. Sanifill, Inc., 198 F.3d 282, 285 (1st Cir. 2000) (district court did not abuse its discretion in dismissing complaint against unnamed defendants where discovery afforded plaintiffs sufficient opportunity to pursue defendants' identities); accord Covillion v. Alsop, 145 F. Supp. 2d 75, 77 n. 4 (D. Me. 2001) (dismissing claims without prejudice pursuant to Fed. R. Civ. P. 4(m) where plaintiff delayed more than 120 days after filing of the complaint to serve or otherwise identify John Doe Defendants). Plaintiff may file a motion for leave to amend his complaint after he discovers the identity of the unnamed defendants.

II.  The Motion for Appointment of Counsel

A civil plaintiff lacks a constitutional right to free counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (citations omitted). However, under Section 1915(e)(1), I "may request [that] an attorney . . .represent any person

unable to afford counsel."  28 U.S.C. § 1915(e)(1).

In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  Id.  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  Id. at 24 (citations omitted).

Because this case has not yet been served on defendants, I cannot determine at this time whether this action presents exceptional circumstances warranting the appointment of counsel.  Therefore, plaintiff's motion will be denied without prejudice to its refiling after defendants have filed a responsive pleading to the complaint.

## ORDER

Accordingly, it is hereby ORDERED

(1) the Clerk is directed to issue summonses for the three named defendants and the United States Marshal is directed to serve a copy of the complaint, summons, and this memorandum and order as directed by plaintiff with all costs of service to be advanced by the

United States; and

(2) the motion for appointment of counsel (Docket No. 3) is denied without prejudice to its re-filing after the named defendants respond to the complaint.

SO ORDERED.

Dated at Boston, Massachusetts, this  12th day of January, 2005.

```
                           /s/ Robert E. Keeton
                          ROBERT E. KEETON
                          UNITED STATES SENIOR DISTRICT JUDGE
```