```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
                                                        FILED
                                                     CLERKS OFFICE

THOMAS C. LEMAY,                      NO. 04-cv-12676-REK
     PLAINTIFF,
                                          2005 MAR 25  A 11: 44

     V.                                      U.S. DISTRICT COURT
                                             DISTRICT OF MASS

KATHLEEN DENNEHY, et al,
     DEFENDANTS,
```

### MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFFS' MOTION NOT TO DISMISS

The Plaintiff submits this Memorandum of law in support of his Motion not to Dismiss his Complaint.

### INTRODUCTION

THE PLAINTIFF, THOMAS C. LEMAY, IS A RESIDENT OF THE MASSACHUSETTS TREATMENT CENTER (mtc) IN BRIDGEWATER, MASSACHUSETTS THE MTC IS A SECURE TREATMENT FACILITY FOR THE SEXUALLY DANGEROUS PERSONS, OPERATED BY THE DEPARTMENT OF CORRECTIONS (DOC). THE PLAINTIFF WAS COMMITTED AS A SEXUALLY DANGEROUS PERSON IN DECEMBER 1987, AND HIS PRISON SENTENCE ENDED IN NOVEMBER 1999. LEMAY IS A CIVIL PATIENT ONLY, UNDER M.G.L. c. 123A, ss5 AS AMENDED BY STATUTE 1985 c. 752, ss1. THE DEFENDANTS NAMED AND UNNAMED IN THE COMPLAINT ARE STATE OFFICIALS EMPLOYED BY THE DOC.

THE PLAINTIFF FILED HIS COMPLAINT ON DECEMBER 14, 2004, AND HIS COMPLAINT IS ON AN INCIDENT THAT TOOK PLACE AT THE MTC ON OR ABOUT THE FIRST WEEK OF JULY 2003.

1.

THE PLAINTIFF LEMAY SEEKS DECLARATORY AND INJUNCTIVE RELIEF, TOGETHER WITH MONETARY DAMAGES UNDER 42 U.S.C. ss 1983. AND CLAIMS THAT CORRECTIONAL OFFICERS VIOLATED HIS CONSTITUTIONAL RIGHTS DURING A URINALYSIS TEST.

FOR THE REASONS THAT FOLLOW, THE COMPLAINT SHOULD NOT BE DISMISSED.

### STATEMENT OF FACTS

THE PLAINTIFF STATES THAT ON SEPTEMBER 8, 2003, AROUND 1:30 AM, HE WAS TAKEN FROM THE GENERAL POPULATION AND PLACED IN A CELL IN THE "NEW MANS SECTION" OF THE TREATMENT CENTER FOR A URINE TEST. THE PLAINTIFF STATED THAT THE DATE OF THE URINE TEST WAS ON SEPTEMBER 8, 2003, THAT DATE IS ERROR BY THE PLAINTIFF, THAT DATE OF SEPTEMBER 8, 2003 WAS THE DATE THE GRIEVANCE OFFICER SHREDED HIS GRIEVANCE, AND THE DATE OF THE INCIDENT WAS JULY, 2003 NOT AS STATED SEPTEMBER 8, 2003.

LEMAY WAS THEN TOLD BY THE OFFICER TO REMOVE ALL OF HIS CLOTHES, INCLUDING HIS SHOES, AND REALIZED THAT HE WAS STANDING IN SOME URINE, AND ASKED JOHN DOE NO. 1 IF HE COULD PUT HIS SHOES BACK ON, THE OFFICER STATED JUST STAND THEIR AND SHUT UP, AND URINATE IN THE CUP WHEN THE SGT. CANE GIVES IT TO YOU. __HELLING V. McKINNEY,__ U.S. ____. 113 S. CT. 2475, 2481 (1993), EXPOSURE TO THE RISK OF INFECTIOUS DISEASE, URINE, UNSAFE CONDITION THAT "POSE AN UNREASONABLE RISK TO (CIVIL PATIENTS) FUTURE HEALTH. MAY VIOLATE EIGHTH AMENDMENT EVEN IF DAMAGE HAS NOT YET OCCURRED AND MAY NOT EFFECT EVERY PATIENT OR PRISONER.

LEMAY STATES THAT HE WAS "VIEWED UNNECESSARILY IN THE NUDE" BY THREE MALE CORRECTIONAL OFFICERS, THIS STATEMENT IS CORRECT, ALSO, WHILE NUDE HE WAS UNNECESSARILY VIEWED WHILE PERFORMING PRIVATE BODILY FUNCTIONS.  THIS WAS NOT A CASUAL OBSERVATION, OR OBSERVATION AT A DISTANCE, THIS WAS ABOUT FOUR FEET FROM LEMAY'S BODY. SEPULVEDA V. RAMIREZ, 967 F. 2d. 1413 1416 (9TH CIR. 1992) STORMS V. COUGHLIN, 600 F.SUPP. AT 1222 (dctym).  IS UNCONSTITUTIONAL.

THE VIEWING AND THE ACTIONS BY THE OFFICERS STATE OF MIND, AND BAD MOTIVES OR ATTITUDES TOWARD THE PATIENT LEMAY WAS HARMFUL ERROR.

THE FACT THAT THE NAMED DEFENDANTS WERE STATE CORRECTIONS OFFICIALS ACTING UNDER THE COLOR OF LAW, AND ALSO JOHN DOE NO. 1, AND JOHN DOE NO. 2, AS THEY WERE NOT WEARING NAMED TAGS SO THEY WERE ALLOWED TO DO ILLEGAL ACT WITHOUT BEING NAMED. AS THEY DID IN THE PRESENT CASE.

THE PLAINTIFF STATES THAT HE IS A PRISONER/PATIENT UNDER THE DEPARTMENT OF CORRECTIONS, HE IS FED, CLOTHES, PAID AND CONTROLED BY THE DEPARTMENT OF CORRECTIONS, AND IS IN THE MTC FOR PUNISHMENT, AND THE 8TH. AMENDMENT APPLYS TO HIM.

THE ACTION BY THESE CORRECTIONS OFFICERS THAT MORNING OF THE FIRST WEEK OF JULY 2003, WAS "EGREGIOUSLY UNACCEPTABLE, OUTRAGEOUS, AND CONSCIENCE-SHOCKING". THE PLAINTIFF THOUGHT HE WAS A PRISONER IN IRAQ. AT THE TIME OF HIS ABUSE. AS STATED BY COUNSEL OF THE DEFENDANTS, (PERSON WHO ARE CIVILLY-COMMITTED INVOLUNTARILY HAVE DUE PROCESS RIGHTS TO SAFE CONDITIONS OF CONFINEMENT), THIS DAY IN JULY WAS NOT A SAFE CONDITION OF ANY

KIND, THEIR WAS NO DECENCY, IT WAS CRUEL, DEGRADING AND ABUSIVE CONDITIONS AND UNCONSTITUTIONAL EVEN IF IMPOSED FOR A SHORT PERIOD OF TIME AS THE PLAINTIFF WAS FOR ONE HALF HOUR.

THE PLAINTIFF STATED IN HIS COMPLAINT OF DEVEEMBER 14, 2004 THAT THE ACTION BY DEFENDANT SGT. CANE TO TAKE ACTION TO CURB THE HEALTH RISK, AND THE SEXUAL HARASSMENT, AND TO STOP THIS FROM OCURRING TO THE PLAINTIFF LEMAY, AND HIS FAILURE TO DO SO IS ST SO IS STATED ON PAGE 7 OF THE COMPLAINT OF THE PLAINTIFF.

### CONCLUSION

THE COMPLAINT SHOULD NOT BE DISMISSED BECAUSE IT DOES STATE A CLAIM FOR RELIEF AGAINST THE DEFENDANTS.

RESPECTFULLY SUBMITTED,

*/s/ Thomas C. LeMay*
THOMAS C. LEMAY, PRO SE
30 ADMINISTRATION ROAD
BRIDGEWATER, MA. 02324

### CERTIFICATE OF SERVICE

I, THOMAS C. LEMAY, CERTIFY THAT ON THIS DAY I MAILED A COPY OF THE FOREGOING MOTION AND MEMORANDUM TO THE COUNSEL FOR THE DEFENDANTS BY FIRST CLASS MAIL, POSTAGE PRE PAID, AT 70 FRANKLIN STREET, SUITE 600, BOSTON, MASSACHUSETTS 02210-1300

DATED; MARCH 24, 2005               */s/ Thomas C. LeMay*
                                    THOMAS C. LEMAY, PRO SE