UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
                                    )
THOMAS C. LEMAY,                    )
    Plaintiff                       )
                                    )      CIVIL ACTION
    v.                              )      NO. 04-12676-REK
                                    )
KATHLEEN M. DENNEHY, Commissioner,  )
ROBERT MURPHY, Superintendent,      )
PHIL KANE, Sergeant Training Officer,)
JOHN DOE #1, Officer No. 1,         )
JOHN DOE #2, Officer No. 2, and     )
JOHN DOE #3, Officer No. 3 and Shift)
Commander,                          )
    Defendants                      )
                                    )
_____ )
```

**Memorandum and Order**
November 16, 2005

### I.  Pending Matters

Pending for decision are matters related to the following filing:

(1) Plaintiff's Motion to Withdraw Complaint (Docket No. 23, filed August 23, 2005).

### II. Factual and Procedural Background

Plaintiff is a resident of the Massachusetts Treatment Center ("MTC") in Bridgewater, Massachusetts.  (Docket No. 15 at 1.)  The MTC is a secure treatment facility for sexually dangerous persons operated by the Massachusetts Department of Correction.  (Id.)  Plaintiff was civilly committed to the MTC in 1999.  (Id.)

The facts alleged in plaintiff's Complaint arise out of events that occurred on or

about September 8, 2003, at 1:30 a.m., when plaintiff says that he was handcuffed, removed from the general population at the Newmansket Correctional Facility in Bridgewater, Massachusetts, and placed in a cell in the "New Mans Section" of the facility. (Docket No. 4.) Plaintiff was then required to remove all of his clothes and shoes and to provide a urine sample while John Doe No. 1, John Doe No. 2, and Sergeant Phil Kane observed and allegedly mocked him. (Id.) Plaintiff claims that he did not file a grievance after this incident because John Doe No. 3, the shift commander at the Newmansket Correctional Facility during the incident, told him that it would be in plaintiff's best interest not to do so. (Id.)

Plaintiff filed his Complaint on December 14, 2004. (Docket No. 4.) He brought claims pursuant to 42 U.S.C. § 1983 for violation of his Fourth, Eighth, and Fourteenth Amendment rights, as well as a state law claim for sexual harassment. Plaintiff also moved for leave to proceed in forma pauperis on the same date (Docket No. 1), and this court granted him leave on January 12, 2005. (Docket No. 5.)

Defendants Dennehy, Murphy, and Kane filed a Motion to Dismiss on March 22, 2005. (Docket No. 14.) In the Memorandum and Order dated August 9, 2005, I allowed defendant's Motion to Dismiss to the extent that I dismissed the federal claims against the named defendants, Doe No. 1, and Doe No. 2. (Docket No. 22.) This dismissal left a state law claim of sexual harassment against all of the defendants and a possible federal civil rights claim against Doe No. 3. (Id.) I ordered plaintiff to show good cause by August 31, 2005, as to why I should not dismiss, without prejudice, his claims against the unnamed defendants for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure and decline to exercise supplemental jurisdiction over his remaining state claim against the named defendants. (Id.) Plaintiff filed a

2

Motion to Withdraw Complaint on August 23, 2005. (Docket No. 23.) Defendants Dennehy, Murphy, and Kane filed Defendants' Response to the Plaintiff's Motion to Withdraw Complaint on September 1, 2005. (Docket No. 24.)

### III. Analysis

Plaintiff moves this court to permit him to withdraw his complaint without prejudice so that he may pursue the case in state court. In my Memorandum and Order of August 9, 2005, I wrote that I would dismiss plaintiff's remaining claims without prejudice for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure if he did not show good cause by August 31, 2005. Plaintiff has failed to show good cause so I hereby dismiss his remaining claims without prejudice pursuant to Rule 4(m). See Fed. R. Civ. P. 41(a)(2) (permitting dismissal by order of the court, which, unless otherwise specified, "is without prejudice"). This does not change the disposition of the claims that I dismissed on August 9, 2005. Those federal claims were and still are dismissed with prejudice.

### ORDER

For the foregoing reasons, it is ORDERED:

(a) Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE;

(b) Plaintiff's Motion to Withdraw Complaint is DISMISSED AS MOOT; and

(c) The Clerk is ordered to enter the following Final Judgment:

   (1) The federal claims against Kathleen M. Dennehy, Robert Murphy, Phil Kane, John Doe No. 1, and John Doe No. 2 are DISMISSED WITH PREJUDICE; and
   (2) The federal claims against John Doe No. 3 and the state claims against all defendants are DISMISSED WITHOUT PREJUDICE.

(3) This case is CLOSED.

                                                  /s/Robert E. Keeton
                                                    Robert E. Keeton
                                       Senior United States District Judge